IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARRIN SHATNER,

Plaintiff,

v.

THOMAS PAGE, ROGER COWAN,
IAN OLIVER, SUPT. FRENZEL,
CAPT. PIERCE, LT. WESTERMAN,
and C/O DOBBS, DEPUTY DIRECTOR CLARK,
C/O STEWART, DONALD SNYDER,
C/O BENEFILED, and LT. GALES,

Defendants.                                              No. 00-CV-0251-DRH

MEMORANDUM AND ORDER

HERNDON, District Judge:

### I. Introduction and Procedural Background

Now before the Court is Plaintiff's oral request to pursue punitive damages and motion to add Defendant Gilbert pursuant to Rule 60(a) (Doc. 118). Defendants object to both of Plaintiff's requests. Based on the following, the Court grants Plaintiff's request to pursue punitive damages and Plaintiff's motion to add Defendant Gilbert.

On April 3, 2000, Darrin Shatner, an inmate formerly housed in the condemned unit at the Menard Correctional Center, *pro se*, filed suit against Donald Snyder, Warden Thomas Page, Warden Roger Cowan, Warden Ian Oliver, Warden McAclory, Supt. Frenzel, Supt. Terry, Capt. Young, Capt. Pierce, Lt. Westerman, Lt.

Gilbert, Lt. Taylor, Capt. Harvey, C/O Dobbs, C/O Dixon, Lt. Gales, C/O Benefield, C/O Stewart, Deputy Director Clark and "two John Does" pursuant to 42 U.S.C. § 1983 (Doc. 1). On November 13, 2002, pursuant to 28 U.S.C. § 1915A, the Court conducted a threshold review of Shatner's Amended Complaint and designated it into 7 separate counts (Doc. 10). The Court dismissed Counts 1, 3, 4 and 7 for failure to state a claim and Defendants Captain Young, Lt. Gilbert, Lt. Taylor, Capt. Harvey, "two John Does", Supt. Terry, C/O Dixon and Warden McAclory. Counts 2, 5 and 6 survived threshold review. In Counts 2, 5 and 6, Shatner maintains that Defendants Page, Oliver, Cowan, Frentzel, Pierce, Westerman, Dobbs, Clark, Stewart, Snyder, Benefield and Gales have violated his rights under the First, Fourth, Eighth and Fourteenth Amendments. Specifically, Shatner claims that Defendants Page, Oliver, Frenzel, Pierce, Westerman, Dobbs, Gales, Cowan and Benefield have impermissibly limited his First Amendment ability to freely worship by refusing to allow him to possess Tarot Cards, a penticle ring and a medallion and by confiscating his religious books (Count 2); that Defendants Pierce, Frenzel, Clark and Snyder were deliberately indifferent to his serious medical needs (Count 5); and that Defendants Pierce, Frenzel, Clark and Cowan tampered with his legal mail by opening it outside his presence (Count 6).

      On December 2, 2004, the Court entered an Order sustaining Shatner's objections to a Report and Recommendation ("the Report") submitted by then Magistrate Judge Gerald B. Cohn, rejected in part the Report and denied Defendants' motion for summary judgment on Counts 2, 5 and 6 of Plaintiff's Amended

Complaint (Doc. 69). Subsequently, Magistrate Judge Donald G. Wilkerson appointed Shatner a lawyer for the limited purposes of the final pretrial conference and trial proceedings (Doc. 73). On July 20, 2006, Magistrate Judge Wilkerson granted Shatner's motion to reopen discovery and reset the Final Pretrial Conference (Doc. 88). On May 1, 2006, Magistrate Judge Wilkerson held the final pretrial conference (Doc. 110). During the conference, Plaintiff moved for a claim of punitive damages to which Defendants objected and Magistrate Judge Wilkerson allowed the parties to brief the issue of punitive damages. Magistrate Judge Wilkerson entered the Final Pretrial Order on May 12, 2006 (Doc. 112). Thereafter on July 14, 2006, Plaintiff filed a motion to add Defendant Gilbert pursuant to Rule 60(a)(Doc. 118). On October 3, 2006, the Court set the case bench trial on July 9, 2007 (Doc. 123).

## II. Analysis

As to Plaintiff's oral motion to pursue punitive damages, Plaintiff argues that Defendants have known since March 30, 2001 that Plaintiff was requesting in his Amended Complaint to "be compensated for the mental and emotional tortures having been endured from the harassment and prejudices being leveled against me for practicing religious beliefs unfamiliar to some and the trauma caused from not properly being able to communicate with immediate family members during the best of trying times." (Doc. 9, p. 8). Plaintiff argues that this language alerted Defendants that he was not seeking just compensatory damages, but also punitive damages. Plaintiff also contends that Defendants were again alerted of his intent to pursue punitive damages when he gave Defendants a proposed pretrial order on November

9, 2004 that stated: "Plaintiff is further entitled to Punitive Damages from Each Defendant in the sum of $10,000 for their total disregard of plaintiffs rights, and to prevent these same defendants in the future from engaging in such egregious conduct and/or of a sum sufficiently determined by a jury." Defendants object to the request to pursue punitive damages arguing that Plaintiff never moved to amend his complaint to include punitive damages and that Plaintiff was put on notice in November 2004 that they objected to including punitive damages in the pretrial order. Further, Defendants contend that Plaintiff has been represented by counsel since May 2005 and still did not move to amend the complaint to add punitive damages. Lastly, Defendants argue that they have been prejudiced by proceeding through discovery with the assumption that Plaintiff was not seeking punitive damages.

As to the issue of not having the claim for punitive damages in the Amended Complaint, the Seventh Circuit held the following:

> Finally, the Attorney General argues that, even if nominal and punitive damages are not barred by § 1997e(e), Calhoun does not expressly request nominal damages in his amended complaint, and therefore that prayer for relief was never before the district court. But pleadings filed by *pro se* litigants are to be construed liberally. *See Alvarado v. Litscher,* 267 F.3d 648, 651 (7th Cir.2001). Although Calhoun does not specifically request nominal damages-as he did compensatory and punitive damages and injunctive and declaratory relief-his amended complaint contains a prayer for "such other relief as it may appear plaintiff is entitled." Moreover, Calhoun's brief on appeal makes clear that he is seeking nominal damages. Under these circumstances, Calhoun's prayer for "such other relief" can be reasonably viewed as a request for nominal damages. *See Kyle,* 196 F.3d at 697 (liberally construing *pro se* prayer for $1 million in "monetary relief" as a request

for punitive damages).

***Calhoun v. DeTella*, 319 F.3d 936, 943 (7th Cir. 2003)**. Prior to ***Calhoun***, the Seventh Circuit held in ***Kyle v. Patterson*, 196 F.3d 695, 697 -698 (7th Cir. 1999)**:

> The defendants argue that Kyle waived the opportunity to argue for punitive damages because he did not raise the issue in the district court. This defense claim, however, can't get far because it is well-settled law in this circuit that pro se complaints are not held to the stringent standards expected of pleadings drafted by lawyers. Rather, *pro se* complaints are to be liberally construed. *Wilson v. Civil Town of Clayton, Ind.*, 839 F.2d 375, 378 (7th Cir.1988). In his complaint Kyle sought $1 million in "monetary relief." Kyle's prayer for "monetary relief" can reasonably be viewed as covering punitive damages to which he might be entitled. Nonetheless, "[p]unitive damages are never awarded as a matter of right; the finder of fact, after reviewing the entire record, is called upon to make a 'moral judgment' that the unlawful conduct warrants such an award to punish the wrongdoer and deter others." *Merriweather v. Family Dollar Stores of Indiana*, 103 F.3d 576, 582 (7th Cir.1996). Punitive damages are available in § 1983 cases only upon a showing of "evil motive or intent, or … reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983). *See also Sahagian v. Dickey,* 827 F.2d 90, 100 (7th Cir.1987) (punitive damages are available even without actual loss upon a showing of aggravating circumstances, malicious intent, or conduct involving reckless or callous indifference to a plaintiff's rights). While evaluations of motive and intent are generally inappropriate on a motion for summary judgment, *see Bartman v. Allis-Chalmers Corp.*, 799 F.2d 311, 312 (7th Cir.1986), we have recognized an exception to this rule where a plaintiff fails to produce evidence raising a material question of fact regarding aggravating circumstances or the reckless or callous nature of the defendant's actions. *See Sahagian*, 827 F.2d at 100 n. 8

Based on the case law and the circumstances in this case, the Court

finds that Plaintiff is entitled to pursue his claim for punitive damages. Plaintiff's request for relief is broad enough to encompass a claim for punitive damages and is sufficient to put Defendants on notice that he is seeking punitive damages.

Next, Plaintiff contends that the Lt. Gilbert should have been included in Count 2 of the November 13, 2002 screening Order. Specifically, Plaintiff maintains that Lt. Gilbert should have been included in the screening Order because the Amended Complaint contains the following allegations against Lt. Gilbert "On September 12, 2000 Lt. Gilbert confiscated from Shatners [sic] living area a deck of [T]arot cards and a book on the sacred [T]arot cards and a book on the scared [T]arot written by the Church of Light"). Further, Plaintiff argues that the other Defendants he referenced in Count 2 were specifically identified in the screening Order by the Court but that the screening Order does not state a reason for excluding Gilbert from Count 2,thus, it appears that Gilbert was inadvertently left off the screening Order in Count 2. Plaintiff also argues that adding Gilbert will not affect the schedule in this case and that he does not anticipate that any further discovery will be needed. Defendants object arguing that Plaintiff should have raised this argument earlier; that there is no evidence to indicate that the Court intended to include Lt. Gilbert in Count 2 and that adding Lt. Gilbert as a Defendant at this stage in the proceedings would be unfair.

After reviewing the November 13, 2002 screening Order and the Amended Complaint, it is clear that Defendant Gilbert should have been included as

a Defendant in Count 2. Because Plaintiff should have raised this issue earlier, the Court allows Defendant Gilbert up to and including April 17, 2007 to conduct any additional discovery.

### III. Conclusion

Accordingly, the Court **ALLOWS** Plaintiff to pursue punitive damages based on request for monetary damages contained in the Amended Complaint and the Court **GRANTS** Plaintiff's motion to add Defendant Gilbert pursuant to Rule 60(a) (Doc. 118). Further, the Court does not anticipate a change in the trial date despite the addition of Lt. Gilbert as a Defendant. Thus, the Court **SETS** the following: (1) the discovery deadline is April 17, 2007 and (2) the dispositive motion deadline is May 18, 2007.

The Court **ORDERS** Plaintiff to complete and submit a USM-285 form for Defendant Gilbert within **TEN DAYS** of the date of the entry of this Order. The Court **DIRECTS** the Clerk to send Plaintiff one USM-285 form with Plaintiff's copy of this Order. **Plaintiff is advised that service will not be made on defendant until Plaintiff submits a properly completed USM-285 form for that defendant**.

Further, the Court **DIRECTS** the Clerk of the Court to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendant Gilbert. The Clerk shall forward those forms, the USM-285 form submitted by Plaintiff, and a copy of the Amended Complaint (Doc. 9) to the United States Marshal for service.

The Court **DIRECTS** the United States Marshal, pursuant to Federal Rule of Civil Procedure 4(c)(2), to serve process forthwith on Defendant Gilbert. Process in this case shall consist of the Amended Complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

The United States Marshal shall file the returned waiver of service as well as any request for waivers of service that is returned as undelivered as soon as it is received. If the waiver of service is not returned by the defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c). With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

- Within ten days after personal service is effected, the United States

Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon Defendant Lt. Gilbert or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendants or counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendant Gilbert is **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS SO ORDERED.**

Signed this 17th day of January, 2007.

/s/      David   RHerndon
United States District Judge