IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARRIN SHATNER,

Plaintiff,

v.

THOMAS PAGE, ROGER COWAN,
IAN OLIVER, SUPT. FRENZEL,
CAPT. PIERCE, LT. WESTERMAN,
and C/O DOBBS, DEPUTY DIRECTOR CLARK,
C/O STEWART, DONALD SNYDER,
C/O BENEFILED, GILBERT, and LT. GALES,

Defendants.                                         No. 00-CV-0251-DRH

**MEMORANDUM and ORDER**

**HERNDON, Chief Judge:**

**I. Introduction**[1]

Pending before the Court is Defendants' motion for summary judgment on injunctive relief (Doc. 131). Plaintiff opposes the motion as to the medical care and religious claims (Doc. 140). Based on the following, the Court **GRANTS** Defendants' motion.

On May 18, 2007, Defendants filed a motion for summary judgment on the issue of injunctive relief. Defendants contend that they are entitled to summary judgment because Plaintiff is not subject to an ongoing denial of his rights by any of

---

[1] The Court's January 17, 2007 Order (Doc. 126) sets forth the procedural history and facts surrounding this lawsuit, thus, the Court need recite them again in this Order.

the Defendants as none of the Defendants have custody or control over Shatner. Specifically, Defendants contend that because they are either retired from the Illinois Department of Corrections, no longer employed by the Illinois Department of Corrections or do not work at Stateville Correctional Center where Shatner is currently housed that any request for injunctive relief is barred by the Eleventh Amendment and sovereign immunity. In his response, Plaintiff opposes the motion arguing that he is entitled to injunctive relief regarding his religious and medical claims.[2] Plaintiff claims that he is entitled to injunctive relief on his religious claims to the extent that there are state-wide policies discriminating against his religion and that he is entitled to injunctive relief on his medical claims because Defendants were sued in their official capacities.

## II. Summary Judgment

Summary judgment is proper where the pleadings and affidavits, if any, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **FED. R. CIV. P. 56(c);** *Wyatt v. UNUM Life Insurance Company of America*, **223 F.3d 543, 545 (7th Cir. 2000);** *Oates v. Discovery Zone*, **116 F.3d 1161, 1165 (7th Cir. 1997);** *See also Celotex Corp. v. Catrett*, **477 U.S. 317, 322 (1986))**. The movant bears the burden of establishing the absence of fact issues and entitlement to judgment as a matter of

---

[2]It appears from Plaintiff's response that he does not contest the motion for summary judgment as to his legal mail claim. Thus, the Court **GRANTS** Defendants' motion for summary judgment on that issue without further discussion.

law. ***Wollin v. Gondert*, 192 F.3d 616, 621-22 (7th Cir. 1999)**. The Court must consider the entire record, drawing reasonable inferences and resolving factual disputes in favor of the non-movant. ***Schneiker v. Fortis Insurance Co.*, 200 F.3d 1055, 1057 (7th Cir. 2000); *Baron v. City of Highland Park*, 195 F.3d 333, 337-38 (7th Cir. 1999)**.

In reviewing a summary judgment motion, the Court does not determine the truth of asserted matters, but rather decides whether there is a genuine factual issue for trial. ***EEOC v. Sears, Robuck & Co.*, 233 F.3d 432, 436 (7th Cir. 2000)**. No issue remains for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." ***Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). Accord *Starzenski v. City of Elkhart*, 87 F.3d 872, 880 (7th Cir. 1996), cert. denied, 117 S. Ct. 683 (1997); *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 178 (7th Cir. 1994)**.

### III. <u>Facts</u>

The following facts regarding this motion are not in dispute.[3] At the time of the incidents alleged in the complaint, Shatner was incarcerated at Menard Correctional Center. Currently, Shatner is housed at Stateville Correctional Center. Defendants Page, Frentzel, Gales, Cowan, and Pierce are retired from the Illinois

---

[3] The facts are taken from Defendants' motion for summary judgment (Doc. 131, ps. 2-3).

Department of Corrections. Defendants Gilbert, Westerman, Dobbs and Stewart currently work at Menard. Defendant Benefield currently works at Tamms Correctional Center. Defendants Oliver and Clark have left the Illinois Department of Corrections. Defendant Snyder is no longer the Director of the Illinois Department of Corrections.

### IV. Analysis

Injunctive relief is not available unless a plaintiff can show an ongoing violation of federal law. **Al-Alamin v. Gramley, 926 F.2d 680, 685 (7th Cir. 1991); Green v. Mansour, 474 U.S. 64, 71 (1985)**.

As to the religious medical claims, Defendants argue that they are entitled to summary judgment as Plaintiff is not in their custody or control and that they are not responsible for the alleged ongoing violations regarding his ability to practice his religion in Stateville. Plaintiff relying on **Lehn v. Holmes, 364 F.3d 862, 872 (7th Cir. 2004)**, responds that he is entitled to injunctive relief to the extent that there are state-wide policies discriminating against his exercise of religion and he sued Defendants in their official capacities. In their reply brief, Defendants state "Plaintiff is correct that, if these limitations were determined to violate his rights under the First Amendment, this represents an ongoing violation of his constitutional rights and would entitle him to injunctive relief." (Doc. 141, p. 1). Defendants further argue that Shatner should therefore sue the administrators at Stateville for the violations that have occurred there. The Court agrees with

Defendants.

After reviewing the original complaint and the amended complaint, it does not appear that Shatner intended to state a claim against the IDOC for a state-wide policy, as the Seventh Circuit found in **Lehn**.[4]  His original complaint and amended complaint limited the allegations to the conduct of the officers and officials at Menard.  In his amended complaint, Shatner states:

> "Up until recently Shatners [sic] possession of tarot decks and books from the Church of Light has never been a issue.  He was in possession of these materials when he was transferred to Menard.... It wasnt [sic] until he was falsely labeled as a 'devil worshipper [sic]' that anyone showed any concerns for him being in possession of these materials."

(Doc. 9, p. 2).  His amended complaint further states:  "Shatner just asks to be allowed to practice his religious beliefs unhassled [sic] and to utilize the simple tools needed to do so.  In denying him these books and tarot decks they have always claimed that it was because of there [sic] belief it was 'devil worship' not because of any actual security concern."  (Doc. 9, 5).  The original complaint contains similar allegations.[5]  Thus, the Court finds that named Defendants currently are not subjecting Plaintiff to an ongoing violation as to his religious beliefs at Stateville.

---

[4]**Lehn** is clearly distinguishable from the facts of this case.  In **Lehn**, the Seventh Circuit reversed the district court's finding that Lehn's environmental tobacco smoke claim against the IDOC was moot after Lehn was transferred to a different prison facility.  Further, the cases are at completely different stages of litigation.  Moreover, unlike **Lehn**, Shatner has not sought permission to substitute the named Defendants for their counterparts at Stateville.

[5]His original complaint states: "I believe my 1st, 5th 6th, 8th, and 14th Amendment rights under the constitution of te United states [sic] & my comparable rights under the constitution of the State of Illinois have been and are being systematically denied me or are being severely limited, by Illinois department of corrections (IDOC) at Menard Correctional Center.  I believe a group of staff from Menard and Pontiac correctional Center have 'singled me out' for harassment and persecution because of my religious beliefs." (Doc. 1, p. 4).

Thus, Shatner is not entitled to injunctive relief against these Defendants.

As to the medical care claim, the Court finds based on the evidence that there is not an ongoing violation of Shatner's rights as to his medical care claims. Shatner's allegations regarding the lack of medical care regarding his back, broken finger and cavities all occurred at Menard. Furthermore, Shatner testified that the doctors at Stateville have given him Motrin for his back pain, that his fingered was examined by a doctor at Stateville who determined that no further treatment is possible and that a dentist at Stateville determined that Shatner had only one cavity and performed a root canal. (Shatner Depo ps. 50-53). Thus, no injunctive relief is available to Shatner for these claims.

Furthermore, as to injunctive relief regarding the religious and medical care claims, none of the Defendants is in a position to comply with an injunction should one issue. As previously stated, many of the Defendants no longer work within the Illinois Department of Corrections , Defendant Benefield works at Tamms and Shatner is no longer housed at Menard where Defendants Gilbert, Westerman, Dobbs and Stewart are employed. Because none of these Defendants could comply with an injunction should it issue, Defendants are entitled to summary judgment in their favor on the issue of injunctive relief.

### V. Conclusion

Accordingly, the Court **GRANTS** Defendants' motion for summary judgment on injunctive relief (Doc. 131). The Court **ORDERS** the Clerk of the Court

to enter judgment in favor of Defendants and against Plaintiff regarding the issue of injunctive relief on in Counts 2, 5 & 6 at the close of the case. As to the claim of injunctive relief against Defendants on tThe Court **REMINDS** the parties that this matter is set for bench trial on May 12, 2008 at 9:00 a.m.

**IT IS SO ORDERED.**

Signed this 7th day of November, 2007.

/s/      DavidRHerndon
Chief Judge
United States District Court