IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARRIN SHATNER,

**Plaintiff,**

v.

ROGER COWAN, et al.,

**Defendants.** No. 00-CV-0251-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I. Introduction and Background

Several matters regarding Bills of Costs and attorneys' fees are pending before the Court: (1) Defendants Clark, Dobbs, Gales and Page's Bill of Costs (Doc. 186); Plaintiff's motion for award of attorneys' fees and costs (Doc. 187) and Plaintiff's Bill of Costs (Doc. 189). All of these matters are fully briefed and the Court rules as follows.

### II. Analysis

In a § 1983 action, "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs...." **42 U.S.C. § 1988(b)**. Meanwhile, Federal Rule of Civil Procedure 54(d)(1) provides in part:

> Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney fees — should be allowed to the prevailing party.

**FED.R.CIV.P. 54(d)(1)**. A prevailing party is a litigant who "wins the battle" on a "substantial part of the litigation." ***Slane v. Mariah Boats, Inc.*, 164 F.3d 1065, 1068 (7th Cir. 1999);** ***First Commodities Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1015 (7th Cir. 1985)**.

Rule 54(d) has been interpreted to create a strong presumption that a prevailing party shall recover costs, with broad discretion given to district courts in deciding the extent of such costs. ***Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997)**. The presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly defined - the court must award costs unless it states good reasons for denying them. ***Id***; ***U.S. Neurosurgical, Inc., v. City of Chicago*, 572 F.3d 325, 334 (7th Cir. 2009)**. The district court may exercise its discretion to deny costs, although it should state its reason for disallowing. ***Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 453 (7th Cir. 1998);** ***Gardner v. S. Ry. Sys.*, 675 F.2d 949, 954 (7th Cir. 1982)**.

Furthermore, costs do not include *all* litigation expenses. Rather, costs are particular statutorily defined categories of incurred charges worthy of reimbursement. ***Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987);** ***Hairline Creations, Inc. v. Kefalas*, 664 F.2d 652, 655 (7th Cir. 1981)**. 28 U.S.C. § 1920 sets forth the categories of expenses which properly may be taxed, including:

(1) Fees of the Clerk and Marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

**28 U.S.C. § 1920**. The Supreme Court has determined that 28 U.S.C. § 1920 defines the term "costs" as it is used in Rule 54(d). ***See Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441 (1987)**.

Expenses not on the statutory list must be borne by party incurring them. ***Collins v. Gorman*, 96 F.3d 1057, 1058 (7th Cir. 1998)**.[1] As to deposition fees, the proper inquiry is "whether the deposition was 'reasonably necessary' at the time it was taken, not whether it was used in a motion or in court." ***Cengr*, 135 F.3d at 454; *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1410 (7th Cir. 1991); *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995)**.

**Page, Dobbs, Gales and Clark's Bill of Costs**

Defendants Page, Dobbs, Gales and Clark filed a BIll of Costs seeking $795.00. Specifically, these Defendants seek $795.00 for their individual deposition expenses as follows: Tom Page - $160.95; David Dodds - $184.15; Robert Gales - $136.30; and Dwayne Clark - $313.60 .

The dismissed Defendants maintain that they are prevailing parties who

---

[1] 28 U.S.C. § 1924 requires that the party filing the bill of costs verify the claimed items by attaching an affidavit attesting that each such item is correct and has been necessarily incurred in the case. That was done in this case.

were either dismissed at the start of trial or after the Defendants filed their post-trial motion.[2] Further, the dismissed Defendants argue that they had no connection to the allegations against the Defendants that were found liable. Shatner objects entirely to Defendants' Bill of Costs arguing that these dismissed Defendants and their depositions were integral to the successful prosecution of the liable Defendants in this case. Shatner further argues that the liable Defendants benefitted from the use of all deposition transcripts and would have incurred theses costs whether or not Shatner prevailed against the dismissed Defendants and that these depositions were necessary at the time they occurred and would have been necessary even if these dismissed Defendants were simply fact witnesses. The Court agrees with Shatner.

All of the Defendants - dismissed or liable - were jointly represented in this matter and they jointly incurred expenses. The costs incurred in taking the dismissed Defendants' depositions would have been realized regardless of the dismissed Defendants' party status. Shatner utilized the dismissed Defendants' testimony (at trial and through deposition) throughout the litigation and the Court awarded Shatner compensatory damages and punitive damages. Also, these depositions provided information regarding Shatner's claims and were relevant and necessary for Shatner to succeed on his claims. Furthermore, allowing the dismissed Defendants' to recover these costs would defeat the purpose of awarding Shatner

---

[2] At the start of the bench trial, the Court granted Shatner's oral motion to dismiss Defendants Clark and Snyder (Doc. 150). Further, on May 7, 2009, after the Court issued its Findings of Fact and Conclusions of Law, the Court entered an order dismissing with prejudice Dobbs, Gales and Page based on the parties' agreed motion to enter stipulation (Doc. 181).

damages. Thus, the Court **DENIES** Defendants' Page, Dobbs, Gales and Clark's Bill of Costs (Doc. 186).

**Shatner's Bill of Costs**

Next, Shatner filed a Bill of Costs seeking $13,945.88 in costs. Specifically, Shatner seeks $67.13 for service of summons and subpoena; $10,586.47 for court reporter and transcript fees; $2,095.30 in witness fees and $1,196.98 in exemplification and copy fees.

In response to Shatner's Bill of Costs, Defendants only object to certain costs requested by Shatner: the deposition fees and the witness fees. The following costs Defendants do not contest: $67.13 for service of summons and subpoena and $1,196.98 in exemplification and copy fees. In his response to Defendants' objections, Shatner revised his request for witness fees to $1,931.30 based on Defendants' objection to the same. Looking at the service of summons and subpoena fees, the exemplification and copy fees and the revised witness fees, the Court finds them to be reasonable and awards them to Shatner. Thus, the Court now turns to the bulk of objections surrounding the deposition fees.

In their objection to the deposition fees, Defendants object to nineteen deposition fees[3] in some fashion: that Shatner is not entitled to deposition fees as to any dismissed Defendant; that Shatner is not entitled to deposition fees that were investigative in nature; and that Shatner is not entitled to deposition fees of witnesses

---

[3] These depositions are of Clark, Anderson, Ferrell, Keeton, Young, Gales, Cowan, Gilbert, Dobbs, Frentzel, Hayes, Bohnert, Page, Keim, Crafton, Pierce, Westerman, Stewart and Benefield.

whose testimony was not offered. As to many of the deposition fees, Defendants suggest that the Court either award no fees at all or award a fee based on percentage of the deposition pages that were used at trial compared to the length of each deposition. In response, Shatner argues that all of the depositions were reasonably necessary at the time they were taken and that all of the depositions were taken before any Defendant was dismissed out of the case. Shatner further contends that these depositions were necessary as they were used as part of the parties' briefing on their proposed findings of fact and conclusions of law; that they were necessary for background information at trial; for trial preparation and for impeachment purposes at trial. The Court agrees with Shatner.

As argued by Shatner, the Court finds Defendants' utilization of a percentage of the deposition fees illogical, unreasonable and improper. Moreover, at the time the depositions were taken Benefield, Cowan, Dobbs, Frentzel, Gales, Gilbert, Page, Pierce, Stewart, and Westerman were named Defendants in this case and it is reasonable and prudent to depose a named party in a case. Further, the depositions of Ferrell, Keeton, Keim, Young, Anderson, Bohnert and Crafton were relevant to the prison policies and the facts/documents surrounding Shatner's claims. Based on the circumstances surrounding this case, the Court finds that all of Shatner's deposition fees were reasonably necessary at the time they were taken and that Shatner is entitled to all the deposition fees.

**Shatner's Motion for Attorneys' Fees**

Lastly, the Court addresses Shatner's motion for attorneys' fees and

costs. Shatner moves the Court for attorneys' fees in costs in the amount of $2,655.00.[4] Shatner contends that he is entitled to fees because he is the prevailing party and that his fee request totaling $2,655.00 (which is the statutory cap as the PLRA imposed an award limit of 150 percent of the damages amount) is reasonable. Defendants concede that Shatner is entitled to attorneys' fees and that the fees are limited to 150 percent (Doc.191). However, Defendant contends that Shatner must pay twenty-five percent of his total damages – $442.50 - towards payment of the attorneys' fees. Thus, Defendants contend that the amount they should be required to pay is $2,212.50 in attorney fees.

> 42 U.S.C. § 1997e(d) provides in part:
>
> (2) Whenever a monetary judgment is awarded in an action described in paragraph (1), a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant....

**42 U.S.C. § 1997e(d)(2);** ***Johnson v. Daley,*** **339 F.3d 582, 584 (7th Cir. 2003)(part of the judgment awarded, up to twenty-five percent, shall be applied to satisfy the amount of attorneys' fees awarded against the defendant)**. Clearly, the PLRA requires that some part of the jury award be used to satisfy a fee award, with twenty-five percent as the maximum set-off amount. **42 U.S.C. § 1997e(d)(2).**

In light of the facts of this case, the Court finds that requiring Shatner to pay twenty-five percent of his total damages toward attorneys fees would defeat the

---

[4]Shatner contends that his attorneys' fees and costs far exceed $2,655.00 but that the Prison Litigation Reform Act ("PLRA") limits the amount he can recover.

purpose of awarding him compensatory and punitive damages. Further, the Court finds that requiring Shanter to pay more than a $1.00 would also defeat the purpose of awarding him compensatory and punitive damages. Therefore, Court finds that a nominal contribution of $1.00 against the judgment is within its discretion under the statute. Thus, the Court **GRANTS** Plaintiff's motion for attorneys fees and costs (Doc. 187). The Court **AWARDS** Shatner attorneys' fees and costs in the amount of $2,655.00, $1.00 of which is to be satisfied from the monies awarded in Shatner's judgment.

### III. Conclusion

Accordingly, the Court **DENIES** Defendants' Bill of Costs (Doc. 186); **ALLOWS** PLaintiffs' Bill of Costs totaling $13,781.88 (Doc. 189) and **GRANTS** Plaintiff's motion for attorneys' fees and costs (Doc. 187). The Court **TAXES** costs in the amount of $13,781.88 in favor of Plaintiff Darrin Shatner and against Defendants Ian Oliver, Alan Frentzel, Roger Cowan, William Pierce, Darryl Westerman, Keith Benefield, Lamont Gilbert and Dennis Stewart. Further, the Court **AWARDS** Shatner attorneys' fees and costs in the amount of $2,655.00. The Court further applies $1.00 of Shatner's judgment to satisfy the attorney award, effectively reducing Defendants' liability for attorneys' fees to $2,654.00.

**IT IS SO ORDERED.**

Signed this 28th day of December, 2009.

/s/ DavidRHerndon
**Chief Judge**
**United States District Court**